Filed 4/14/23  P. v. Miller CA2/5
Opinion following transfer from Supreme Court

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B297558 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA226937) |
| v. | |
| TYRONE MILLER et al., | |
| Defendants and Appellants. | |

APPEAL from orders of the Superior Court of Los Angeles County, George G. Lomeli, Judge.  Reversed and remanded.

Leslie Conrad, under appointment by the Court of Appeal, for Defendant and Appellant Tyrone Miller.

Daniel G. Koryn, under appointment by the Court of Appeal, for Defendant and Appellant Derrick Patton.

Xavier Becerra and Rob Bonta, Attorneys General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan

Pithey, Senior Assistant Attorney General, Noah P. Hill, Senior Deputy Attorney General, Amanda V. Lopez and Kathy S. Pomerantz, Deputy Attorneys General, for Plaintiff and Respondent.

A jury convicted defendants and appellants Derrick Patton (defendant Patton) and Tyrone Miller (defendant Miller) of first degree felony murder. Following enactment of Senate Bill No. 1437 (Senate Bill 1437), defendants separately filed uncounseled petitions for resentencing pursuant to Penal Code section 1172.6 (former Penal Code section 1170.95).[1] The trial court denied their petitions without first appointing counsel.

On appeal from that denial order, we issued an opinion in December 2020 concluding the trial court erred in denying both petitions. As to defendant Miller, we concluded (as the Attorney General conceded) that he was entitled to section 1172.6 relief based on this court's prior holding that he was not a major participant who acted with reckless indifference to human life within the meaning of *People v. Banks* (2015) 61 Cal.4th 788 (*Banks*) and *People v. Clark* (2016) 63 Cal.4th 522 (*Clark*). Pursuant to the parties' stipulation, we issued our remittitur as to defendant Miller just 13 days after our decision. As to defendant Patton, we held the trial court erred in denying his section 1172.6 petition without first appointing counsel and receiving the submissions contemplated by the statute.

The Attorney General petitioned for review by our Supreme Court—but only as to defendant Patton. The Supreme Court

_____

[1] Undesignated statutory references that follow are to the Penal Code.

2

granted the petition and held the matter pending its decision in *People v. Strong* (2022) 13 Cal.5th 698 (*Strong*). That opinion holds major participant and reckless indifference to life findings made by a jury before (respectively) *Banks* and *Clark* will not defeat an otherwise valid prima facie case for relief under section 1172.6. (*Id.* at 721.) After deciding *Strong*, the Supreme Court issued an order in this case that says only the following: "The above-captioned matter is transferred to the Court of Appeal, Second Appellate District, Division Five, with directions to vacate its decision and reconsider the cause in light of [*Strong*]. (Cal. Rules of Court, rule 8.528(d).)"[2]

Having vacated our prior opinion and considered the cause in light of *Strong*, we now reissue our opinion largely in its prior form.

## I. BACKGROUND

Defendants and Melvin Tate (Tate) were members of the 4-Deuce Crips street gang and they had participated in a number of "follow-home" robberies as part of the gang's activities. (*In re Miller* (2017) 14 Cal.App.5th 960, 964.) These robberies were conducted in a similar fashion: a "spotter" would go into a bank, locate a person withdrawing a large amount of cash, and identify that person for the others involved in committing the robbery; the

---

[2] The direction was to vacate our prior opinion without qualification even though there was no petition for review as to defendant Miller nor a grant review on the court's own motion as to defendant Miller. In addition, our prior opinion relied on authority cited with approval in *Strong* (see, e.g., *Strong, supra*, 13 Cal.5th at 712, 713 [citing *People v. York* (2020) 54 Cal.App.5th 250, 264]) in concluding reversal was required.

3

"driver" would tail the victim to his or her destination; and the "getter" would take the money. (*Ibid.*)

In May 2000, defendants met Tate at his residence and planned a follow-home robbery that led to the murder convictions at issue in this appeal; defendant Miller would serve as the spotter, defendant Patton the driver, and Tate the getter. (*In re Miller*, *supra*, 14 Cal.App.5th at 965.) When they later put their plan into practice, defendant Miller spotted Ana Saravia (Saravia) withdrawing $7,500 at a bank while accompanied by Rene Franco (Franco). (*Ibid.*) After Saravia and Franco exited the bank, defendant Miller instructed defendant Patton and Tate to follow them, advising Saravia had a lot of money in her purse. (*Ibid.*)

Defendant Patton and Tate tailed Saravia and Franco to a car dealership. (*In re Miller*, *supra*, 14 Cal.App.5th at 965.) Defendant Patton handed Tate a loaded pistol and told him, "[m]ake sure you get the purse." (*Ibid.*) Tate approached Franco and Saravia, grabbed Saravia's purse, and knocked her to the ground. (*Ibid.*) When Franco moved to intervene, Tate shot him in the chest, killing him. (*Ibid.*) Defendant Patton and Tate drove off and later rendezvoused at defendant Miller's home, where the three men divided the $7,500 they stole from Saravia. (*Ibid.*)

A jury found defendants guilty of murdering Franco. (*In re Miller*, *supra*, 14 Cal.App.5th at 965.) The jury also found true an allegation that the killing occurred in the commission of a robbery within the meaning of section 190.2, subdivision (a)(17)(A)—a "special circumstance" that required a sentence of life in prison without the possibility of parole (§ 190.2, subd. (d)). That is the sentence the trial court imposed (plus additional

4

prison terms for certain other allegations the jury found true).[3] (*Id*. at 965-966.) This court affirmed the convictions on direct appeal in a 2003 opinion.

More than a decade later, following our Supreme Court's decisions in *Banks*, *supra*, 61 Cal.4th 788 and *Clark*, *supra*, 63 Cal.4th 522 that explain when a felony murder aider and abettor may be sentenced to life in prison without the possibility of parole, defendant Miller petitioned for a writ of habeas corpus in this court. We granted the petition and vacated the special circumstance true finding against him.[4] (*In re Miller*, *supra*, 14 Cal.App.5th at 966-967 ["[T]he evidence against defendant [Miller] would not permit a jury to rationally conclude he exhibited a reckless indifference to human life"].) In 2017, Defendant Patton also sought habeas corpus relief in this court, similarly relying on *Banks* and *Clark*, but we summarily denied his petition.

Most recently, and key for purposes of this appeal, defendants separately filed section 1172.6 petitions for resentencing pursuant to newly enacted Senate Bill 1437, which "amend[ed] the felony murder rule and the natural and probable

---

[3] Section 190.2, subdivision (d) states "every person, not the actual killer, who, with reckless indifference to human life and as a major participant," aids, abets, or assists in a robbery that results in the death of some person or persons and is found guilty of first degree murder shall be punished by death or life in prison without the possibility of parole.

[4] The superior court later resentenced defendant Miller to 25 years to life for murder under section 187, subdivision (a) plus 25 years to life for a firearm enhancement under section 12022.53, subdivision (d).

consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).)

The trial court denied both petitions without appointing counsel for defendants and without soliciting opposition from the People. As to defendant Miller, the court recognized he was "seemingly" entitled to relief under the provisions added to the Penal Code by Senate Bill 1437, but the court concluded Senate Bill 1437 was unconstitutional and denied his petition on that basis. The trial court likewise denied defendant Patton's section 1172.6 petition on constitutional grounds, but the court also found, in the alternative, that defendant Patton was ineligible for relief because he was a "major participant [in the crime] who acted with reckless indifference."

## II. DISCUSSION

The trial court denied defendants' section 1172.6 petitions because the court believed Senate Bill 1437 is unconstitutional. That is wrong. (See, e.g., *People v. Bucio* (2020) 48 Cal.App.5th 300; *People v. Solis* (2020) 46 Cal.App.5th 762, 769 ["Senate Bill No. 1437 addresses the *elements* of the crime of murder and is directed to the mental state and conduct of those accused of murder. [Citation.] It does not authorize anything [two voter-approved] initiatives prohibited, nor prohibit anything they authorized"]; *People v. Cruz* (2020) 46 Cal.App.5th 740; *People v. Superior Court (Gooden)* (2020) 42 Cal.App.5th 270; *People v. Lamoureux* (2019) 42 Cal.App.5th 241, 246 ["[W]e conclude the resentencing provision of Senate Bill 1437 does not contravene

separation of powers principles or violate the rights of crime victims"].)  We need say no more about that.

More does need to be said, however, about defendants' statutory eligibility for relief.  The bottom line is that reversal is required because neither defendant is ineligible for section 1172.6 relief as a matter of law.

That is obvious when it comes to defendant Miller, as to whom this court has already reached a post-*Banks* and *Clark* conclusion that he did not act with reckless indifference to human life.  (*Miller*, *supra*, 14 Cal.App.5th 975 ["[W]e are convinced the evidence was insufficient to show defendant [Miller] acted with a reckless indifference to human life"].)  As the Attorney General concedes, that post-*Banks* and *Clark* finding means he is entitled to resentencing under section 1172.6 without further ado. (§ 1172.6, subd. (d)(2) ["If there was a prior finding by a court or jury that the petitioner did not act with reckless indifference to human life or was not a major participant in the felony, the court shall vacate the petitioner's conviction and resentence the petitioner"]; see also *People v. Ramirez* (2019) 41 Cal.App.5th 923, 932-933.)

The conclusion that reversal is required is less obvious as to defendant Patton, given his apparent role in Franco's killing. But obvious or not, the conclusion still obtains.  Defendant Patton's eligibility turns on an evidentiary assessment of whether he was a major participant who acted with reckless indifference to life and—critically—such an assessment can be made only after counsel is appointed for defendant Patton and has an opportunity to proffer additional evidence and argument that might alter an assessment of his role in Franco's killing.  (*Strong*, *supra*, 13 Cal.5th at 719-720.)

DISPOSITION

The orders denying defendants' section 1172.6 petitions are reversed. The trial court is directed to vacate defendant Miller's murder conviction and resentence him consistent with section 1172.6, subdivisions (a) and (d)(2). The remittitur as to defendant Miller shall issue forthwith. The trial court is directed to appoint counsel for defendant Patton and thereafter proceed as required by section 1172.6, subdivisions (c) and (d).


NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS



BAKER, J.


We concur:



RUBIN, P. J.



KIM, J.